UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROY MUSACCHIA** ) | **CIVIL ACTION** |
|       **Plaintiff,** ) | **NO.** |
| ) | |
| **VERSUS** ) | **DISTRICT JUDGE:** |
| ) |    **HON.** |
| **OCEAN HARBOR CASUALTY** ) | |
| **INSURANCE COMPANY** ) | **MAGISTRATE JUDGE:** |
|       **Defendant.** ) |    **HON.** |

## NOTICE OF REMOVAL

**TO:**    The Honorable Judges of the
         United States District Court for the
         Eastern District of Louisiana

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Ocean Harbor Casualty Insurance Company ("Defendant" or "Ocean Harbor"), who hereby files this Notice of Removal of the above captioned civil action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, and hereby removes this matter to the United States District Court for the Eastern District of Louisiana based on diversity jurisdiction, 28 U.S.C. § 1332 and avers as follows:

**I.**

On August 22, 2023, Roy Musacchia ("Plaintiff" or "Musacchia"), filed the attached Petition, entitled *Roy Musacchia v. Ocean Harbor Casualty Insurance Company*, bearing the suit No. 845-386 in Division A for the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, against Defendant, Ocean Harbor Casualty Insurance Company, alleging breach of insurance contract.[1]

---

[1] See **Petition**, attached hereto as Exhibit A.

II.

Ocean Harbor desires to have this cause of action removed from the docket of the Twenty-Fourth Judicial District Court for the Parish of Jefferson to the docket of the United States District Court for the Eastern District of Louisiana under the provisions of 28 U.S.C. §§ 1332 and 1441.

## BASIS FOR REMOVAL

III.

Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332.

## COMPLETE DIVERSITY BETWEEN THE PARTIES

IV.

Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a).

1. Plaintiff, Roy Musacchia, is domiciled in Jefferson Parish, Louisiana.
2. Defendant, Ocean Harbor Casualty Insurance Company, is a foreign corporation, incorporated pursuant to the laws of the State of Florida with its principal places of business in Florida.

## AMOUNT IN CONTROVERSY

V.

Additionally, removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

VI.

Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs; however, a defendant is not required

"to prove to a legal certainty" that the plaintiff will recover more than the jurisdictional amount. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'"[2]

## VII.

Louisiana Code of Civil Procedure Article 893 A(1) articulates the following requirements for a plaintiff pleading a specific amount of monetary damages:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.

La. C.C.P. art. 893, thus, requires a plaintiff to state generally that their claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Here, Plaintiff has failed to allege a specific amount of damages in her Petition. Where a petition does not specify a monetary demand, it is nonetheless removable if it is facially apparent from the petition that the claims are likely to exceed $75,000. *Davis v. State Farm Fire & Cas.,* No. 06-0560, 2006 WL1581272, slip op. at *2 (E.D. La. June 7, 2006); *St. Paul Reins. Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

---

[2] *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

### VIII.

If a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332's jurisdictional threshold, that Louisiana case law will then resemble any other amount-in-controversy case, bringing into play the foundational rule of removal jurisdiction: The plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869.

### IX.

Ocean Harbor is able to prove that the claim likely exceeds $75,000 by setting forth the facts in controversy that support a finding of the requisite amount. *Id*. at 868. In connection with proving that the amount in controversy likely exceeds $75,000, Ocean Harbor attaches email correspondence from counsel for Plaintiff, dated October 19, 2023, in which counsel for Plaintiff advises that the amount in controversy exceeds $75,000.[3] Although Ocean Harbor expressly denies that it has, in any manner, breached its contractual or statutory duties to the Plaintiff, her correspondence clearly reflects that the amount in controversy regarding this matter exceeds the $75,000 jurisdictional threshold of this Court, and as such, the suit is removable.

### X.

Therefore, while Ocean Harbor neither admits liability nor any element of damages alleged by Plaintiff, Ocean Harbor has met the burden of establishing the amount in controversy is in excess of $75,000, exclusive of interest and costs.

---

[3] See **Email Correspondence**, attached hereto as Exhibit B.

## DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

**XI.**

Ocean Harbor was informed that the amount in controversy exceeded $75,000 on October 19, 2023. Thus, this Notice of Removal of the case to the United States District Court is timely filed by Ocean Harbor, as it is filed not more than thirty (30) days after receipt of "other paper from which it may first be ascertained that the case is one which is or has become removable," in accordance with 28 U.S.C. §§ 1441 and 1446.

**XII.**

The Twenty-Fourth Judicial District Court for the Parish of Jefferson is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(b). Therefore, venue is proper in the Eastern District of Louisiana in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

**XIII.**

Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. § 1446(a).

**XIV.**

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Clerk of Court for the Twenty-Fourth Judicial District Court for the Parish of Jefferson.

**XV.**

This action is removable under and by virtue of the acts of Congress of the United States and the Defendant desires to remove it to this Court.

Accordingly, Defendant, Ocean Harbor Casualty Insurance Company, asks that the above-captioned action be removed to this Court, the United States District Court for the Eastern District of Louisiana, in accordance with the provisions of 28 U.S.C. § 1441, *et seq*.

Dated: November 17, 2023.

        Respectfully submitted,

        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

        */s/ Carley Faucheux*
        ☐ JAMES W. HAILEY, III (23111)
        ☐ LENA D. GIANGROSSO (31464)
        ☒ CARLEY FAUCHEUX (37676)
        ☐ ANTONIO J. TORRES (40532)
        ☐ RYAN T. DAHLQUIST (40116)
        ☐ ERICA L. LAROUX (40622)
        400 Poydras Street, Suite 1300
        New Orleans, Louisiana 70130
        P: 504-322-4100 | F: 504-754-7569
        EM: James.Hailey@LewisBrisbois.com
            Lena.Giangrosso@LewisBrisbois.com
            Carley.Faucheux@LewisBrisbois.com
            Antonio.Torres@LewisBrisbois.com
            Ryan.Dahlquist@LewisBrisbois.com
            Erica.Laroux@LewisBrisbois.com
        ***Attorneys for Defendant,***
        ***Ocean Harbor Casualty Insurance Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2023, I electronically filed the foregoing with the Clerk of Court by using the online system. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding by e-mail only.

        */s/ Carley Faucheux*