UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROY MUSACCHIA | ) | CIVIL ACTION |
|     Plaintiff, | ) | NO. 2:23-cv-06940-BSL-MBN |
| | ) | |
| VERSUS | ) | DISTRICT JUDGE: |
| | ) |   HON. BRANDON S. LONG |
| OCEAN HARBOR CASUALTY | ) | |
| INSURANCE COMPANY | ) | MAGISTRATE JUDGE: |
|     Defendant. | ) |   HON. MICHAEL B. NORTH |

**OCEAN HARBOR'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION FOR DAMAGES AND REQUEST FOR A TRIAL BY JURY**

**NOW INTO COURT,** through undersigned counsel, comes the Defendant, Ocean Harbor Casualty Insurance Company ("Ocean Harbor" and/or "Defendant"), which respectfully submits the following Answer and Affirmative Defenses in response to the Petition for Damages and (the "Complaint" and/or "Petition") filed by the Plaintiff, Roy Musacchia (the "Plaintiff").

**ANSWER**

The allegations contained in the introductory paragraph of the Complaint are denied for lack of sufficient information or knowledge to justify a belief therein and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

**PARTIES**

**1.**

The allegations contained in Paragraph 1 of the Complaint are denied, except to admit Plaintiff's domiciliary allegations to the extent they establish jurisdiction in federal court. Any and all allegations remaining in Paragraph 1 of the Complaint, not otherwise admitted, are denied for lack of sufficient information or knowledge to justify a belief therein.

**2.**

The allegations contained in Paragraph 2 of the Complaint are denied, except to admit that that Ocean Harbor is a foreign insurer authorized to do and doing business in Louisiana. Answering further, the allegations contained in Paragraph 2 of the Complaint are denied, except to admit that Ocean Harbor issued a DWG-3 Special Form policy of insurance, Policy Number DPC0091883-05 (the "Policy"), to Roy T. Musacchia and Katherine Bateman Musacchia for the property located at 2002 Idaho Avenue, Kenner, Louisiana 70062 (the "Property"), which was in effect for the period of August 20, 2021 to August 20, 2022, subject to any applicable policy changes and/or cancellations. In answering further, the Policy is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and plead herein by reference as if copied *in extenso*. Any and all allegations remaining in Paragraph 2 of the Complaint, not otherwise admitted, are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

**JURISDICTION AND VENUE**

**3.**

The allegations contained in Paragraph 3 of the Complaint are denied, except to admit that this Court has subject matter jurisdiction over this civil matter under 28 U.S.C. § 1332. Any and all allegations remaining in Paragraph 3 of the Complaint, not otherwise admitted, are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

**4.**

The allegations contained in Paragraph 4 of the Complaint are denied, except to admit that venue is proper in the United States District Court for the Eastern District of Louisiana. Any and

all allegations remaining in Paragraph 4 of the Complaint, not otherwise admitted, are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

## FACTS

**5.**

The allegations contained in Paragraph 5 of the Complaint are denied, except to admit that Ocean Harbor issued a DWG-3 Special Form policy of insurance, Policy Number DPC0091883-05 (the "Policy"), to Roy T. Musacchia and Katherine Bateman Musacchia for the property located at 2002 Idaho Avenue, Kenner, Louisiana 70062 (the "Property"), which was in effect for the period of August 20, 2021 to August 20, 2022, subject to any applicable policy changes and/or cancellations. In answering further, the Policy is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and plead herein by reference as if copied *in extenso*. Any and all allegations remaining in Paragraph 5 of the Complaint, not otherwise admitted, are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

**6.**

The allegations contained in Paragraph 6 of the Complaint are denied, except to admit that Ocean Harbor issued a DWG-3 Special Form policy of insurance, Policy Number DPC0091883-05 (the "Policy"), to Roy T. Musacchia and Katherine Bateman Musacchia for the property located at 2002 Idaho Avenue, Kenner, Louisiana 70062 (the "Property"), which was in effect for the period of August 20, 2021 to August 20, 2022, subject to any applicable policy changes and/or cancellations. In answering further, the Policy is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and plead herein by reference as if copied *in extenso*. Any and all allegations remaining in Paragraph 6 of the Complaint, not

otherwise admitted, are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

**7.**

The allegations contained in Paragraph 7 of the Complaint are denied, except to admit that Ocean Harbor issued a DWG-3 Special Form policy of insurance, Policy Number DPC0091883-05 (the "Policy"), to Roy T. Musacchia and Katherine Bateman Musacchia for the property located at 2002 Idaho Avenue, Kenner, Louisiana 70062 (the "Property"), which was in effect for the period of August 20, 2021 to August 20, 2022, subject to any applicable policy changes and/or cancellations. In answering further, the Policy is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and plead herein by reference as if copied *in extenso*. Any and all allegations remaining in Paragraph 7 of the Complaint, not otherwise admitted, are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

**8.**

The allegations contained in Paragraph 8 of the Complaint are denied, except to admit that Ocean Harbor issued a DWG-3 Special Form policy of insurance, Policy Number DPC0091883-05 (the "Policy"), to Roy T. Musacchia and Katherine Bateman Musacchia for the property located at 2002 Idaho Avenue, Kenner, Louisiana 70062 (the "Property"), which was in effect for the period of August 20, 2021 to August 20, 2022, subject to any applicable policy changes and/or cancellations. In answering further, the Policy is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and plead herein by reference as if copied *in extenso*. Any and all allegations remaining in Paragraph 8 of the Complaint, not

otherwise admitted, are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

**9.**

The allegations contained in Paragraph 9 of the Complaint are denied, except to admit that on or about August 29, 2021, Hurricane Ida struck Southeast Louisiana. Answering further, any and all allegations remaining in Paragraph 9 of the Complaint are denied for lack of sufficient information or knowledge to justify a belief therein and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

**10.**

The allegations contained in Paragraph 10 of the Complaint are denied, except to admit that the Property suffered some damages allegedly caused by Hurricane Ida on or about August 29, 2021, the extent, scope, and cause of which are all disputed. Answering further, any and all allegations remaining in Paragraph 10 of the Complaint are denied for lack of sufficient information or knowledge to justify a belief therein and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

**11.**

The allegations contained in Paragraph 11 of the Complaint are denied, requiring strict proof.

**12.**

The allegations contained in Paragraph 12 of the Complaint are denied for lack of sufficient information or knowledge to justify a belief therein and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

**13.**

The allegations contained in Paragraph 13 of the Complaint are denied, requiring strict proof.

**14.**

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information or knowledge to justify a belief therein and/or because they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. Answering further, the allegations contained in Paragraph 14 of the Complaint are denied, requiring strict proof.

**15.**

The allegations contained in Paragraph 15 of the Complaint are denied, except to admit that Ocean Harbor issued a DWG-3 Special Form policy of insurance, Policy Number DPC0091883-05 (the "Policy"), to Roy T. Musacchia and Katherine Bateman Musacchia for the property located at 2002 Idaho Avenue, Kenner, Louisiana 70062 (the "Property"), which was in effect for the period of August 20, 2021 to August 20, 2022, subject to any applicable policy changes and/or cancellations. In answering further, the Policy is self-evident of its coverages, terms, conditions, limitations and exclusions as stated therein and is incorporated and plead herein by reference as if copied *in extenso*. Any and all allegations remaining in Paragraph 15 of the Complaint, not otherwise admitted, are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

**16.**

The allegations contained in Paragraph 16 of the Complaint are denied, requiring strict proof.

**17.**

The allegations contained in Paragraph 17 of the Complaint are denied, requiring strict proof.

**18.**

Any and all allegations remaining in any other paragraph found in the Complaint that have not been addressed above, including any subparts therein, are denied.

**JURY DEMAND**

Ocean Harbor, without any admission of liability, wrongdoing, or damages owed, requests a trial by jury, on behalf of Ocean Harbor, and is entitled to a trial by jury on all issues herein.

**AFFIRMATIVE DEFENSES**

**AND NOW, FURTHER ANSWERING,** Ocean Harbor Casualty Insurance Company, without admission of any fact or of liability, states the following affirmative defenses in the alternative:

**FIRST DEFENSE**

Ocean Harbor hereby excepts to Plaintiff's Complaint as Plaintiff has no right of action and no cause of action in the filing of this lawsuit for the alleged subject loss.

**SECOND DEFENSE**

Ocean Harbor hereby excepts to Plaintiff's Complaint in that it fails to state a cause of action and right of action for any and all bad faith allegations, including those regarding arbitrariness and/or capriciousness, allegedly entitling Plaintiff to attorney's fees, expenses, and costs, and hereby denies that Plaintiff has provided satisfactory proof of loss. Ocean Harbor further alleges that Plaintiff has failed in his duty of good faith and fair dealing to cooperate and provide documentation pursuant to the contract/Policy of insurance with Ocean Harbor.

### THIRD DEFENSE

The claims stated in the Complaint are based on a contract of insurance between the parties. Ocean Harbor avers that the Policy issued to the Plaintiff, being a written contract, is the best evidence of its coverages, terms, conditions, provisions, limitations, qualifications, endorsements, and exclusions contained therein, and of the contractual obligations of the Plaintiff, especially the obligation of cooperation. Ocean Harbor hereby incorporates and pleads herein by reference said Policy as if copied verbatim *in extenso*, citing any and all coverages, terms, conditions, provisions, limitations, qualifications, endorsements, and exclusions, as stated therein.

### FOURTH DEFENSE

Ocean Harbor has no obligations under the Policy unless and until all terms, provisions and conditions, including conditions precedent or subsequent, of the Policy have been satisfied. Said Policy conditions include, but are not limited to, those detailed provisions titled "Concealment or Fraud," "Duties After Loss," "Loss Settlement," "Other Insurance And Service Agreement," "Suit Against Us," "Loss Payment," "Mortgage Clause," "No Benefit to Bailee," and the like. To the extent that Plaintiff has not satisfied and/or has violated any conditions precedent or subsequent identified in the Policy or has failed to comply with all of the terms of the Policy, Ocean Harbor has no obligation or liability under the Policy.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the alleged damages fall outside the scope of coverage provided by the Policy and/or by the terms, conditions, provisions, limitations, endorsements, and/or exclusions contained in the Policy, all of which are incorporated herein by reference, as if copied, *in extenso*.

**SIXTH DEFENSE**

The Policy provides coverage (consistent with all of the terms, conditions, limitations, and exclusions, therein) only for direct physical loss to property caused by "Perils Insured Against" as described in the Policy. Plaintiff's claims are barred, in whole or in part, to the extent that the claims are not for direct physical loss to property caused by "Perils Insured Against" within the meaning of the Policy.

**SEVENTH DEFENSE**

No coverage exists to the extent that Plaintiff's claimed losses exceed the applicable limit of insurance or time period specified in the Policy.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by his failure to mitigate, minimize, or avoid the damages and losses alleged.

**NINTH DEFENSE**

Plaintiff had the last opportunity to avoid property damage but failed to do so.

**TENTH DEFENSE**

Any liability for the alleged damages under the Policy is subject to any and all co-insurance provisions in the Policy.

**ELEVENTH DEFENSE**

The Policy issued to Plaintiff contains condition(s), such as "Duties After Loss," concerning Plaintiff's duties in the event of loss or damage. Failure to fulfill these conditions is the failure of a condition precedent to coverage and may void coverage under the Policy. Plaintiff failed to comply with the condition(s), in breach of the contract/Policy, and Ocean Harbor affirmatively pleads them as a defense to the instant litigation.

**TWELFTH DEFENSE**

Ocean Harbor specifically alleges that the named insured, Plaintiff, has not provided satisfactory proof of loss for any additional compensation or damages sustained by Plaintiff, and therefore, Plaintiff is not entitled to additional compensation. Moreover, Ocean Harbor avers that it has not been afforded satisfactory proof of loss covered by the Policy at issue, as is required by jurisprudential law, statutory law, and the contractual terms and conditions of the Policy. Ocean Harbor further submits that the Plaintiff's failure to mitigate further damages and/or provide requested documents, items, things, photographs, information, etc. to Ocean Harbor in order for Ocean Harbor to determine additional facts about the alleged property damage was the sole cause of Plaintiff's damages beyond those verified by Ocean Harbor.

**THIRTEENTH DEFENSE**

Should it be shown that the Plaintiff and/or any person or entity acting on behalf of or representing the Plaintiff has made any material misrepresentations in connection with Plaintiff's claim for recovery of damages under the Policy, Ocean Harbor pleads such representations are in violation of the terms and conditions of said Policy, thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of said Policy, which are pled as if copied herein *in extenso*, as well as any relevant statutes of the Federal Rules of Civil Procedure, Louisiana Code of Civil Procedure, and/or Louisiana Revised Statutes.

**FOURTEENTH DEFENSE**

Ocean Harbor specifically avers that the Plaintiff has acted arbitrarily and has hereby breached said contract/Policy to the extent of and/or if it is later determined that Plaintiff has not saved and/or preserved for inspecting any property allegedly damaged because of the subject hurricane and/or have discarded or displaced any or all personal property allegedly damaged

because of the subject hurricane before the inspection by Ocean Harbor or its contacts and/or agents, in contradiction to said contract/Policy.

**FIFTEENTH DEFENSE**

To the extent that Plaintiff has spoiled any evidence, Ocean Harbor is entitled to a dismissal of Plaintiff's claims due to spoliation of the evidence.

**SIXTEENTH DEFENSE**

Ocean Harbor represents that a bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to additional insurance benefits from Ocean Harbor, and that Ocean Harbor's employees, agents, representatives, and adjusters are entitled to value claims differently from the policy holders without facing bad faith or extra-contractual liability. Ocean Harbor further avers that a bona fide controversy exists regarding the scope of any alleged covered loss, the value of such loss, and/or the extent to which any asserted loss was the result of a covered peril insured against.

**SEVENTEENTH DEFENSE**

Ocean Harbor has adjusted and has attempted to further adjust Plaintiff's claim in good faith in accordance with the terms and conditions of the applicable Policy and in compliance with applicable statutory or jurisprudential law.

**EIGHTEENTH DEFENSE**

Ocean Harbor specifically and strenuously asserts that it has acted reasonably, fairly, and in good faith in handling and in the adjustment of Plaintiff's claim for damages allegedly related to the subject hurricane.

## NINETEENTH DEFENSE

Ocean Harbor did not have any general or specific duties to the Plaintiff under the facts alleged in the Complaint. Further, assuming *arguendo* that Ocean Harbor had general and/or specific duties to the Plaintiff under the facts alleged, no such duties were breached.

## TWENTIETH DEFENSE

Although Ocean Harbor expressly denies that it has, in any manner, breached its contractual or statutory duties to the Plaintiff, should Plaintiff establish a breach of contract and/or violation of statutory duties, Plaintiff has not suffered any real damage as a result of said breach and/or violation of statutory duties.

## TWENTY-FIRST DEFENSE

Ocean Harbor has no liability to the Plaintiff for costs, expenses, fees, interest, and/or any other type of damages.

## TWENTY-SECOND DEFENSE

Plaintiff has recovered and been compensated for any and all recoverable damages allegedly sustained.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has already been fully compensated for all covered losses through the payment of his claim(s) to him or to other entities and/or parties on his behalf.

## TWENTY-FOURTH DEFENSE

Granting the relief sought by Plaintiff would unjustly enrich Plaintiff.

**TWENTY-FIFTH DEFENSE**

Any damage allegedly incurred by Plaintiff, if any, was not caused by or contributed to in any way by the fault, neglect, want of due care, arbitrary or capricious acts, or breach of contractual duty on the part of Ocean Harbor, but was caused by the fault, neglect, and want of due care of Plaintiff or other parties over whom Ocean Harbor had and has no control, including but not limited to, other parties whose identities are unknown at this time.

**TWENTY-SIXTH DEFENSE**

There is no coverage for Plaintiff's claims to the extent his claims are barred, in whole or in part, by the doctrines of accord and satisfaction, payment, release, absence of provable damages, *res judicata*, waiver, laches, unclean hands, set-off, and/or collateral estoppel. Plaintiff's claims are also barred in whole, or in part, by his judicial admissions.

**TWENTY-SEVENTH DEFENSE**

To the extent Ocean Harbor may have any liability under the Policy, Plaintiff's damages must be offset by the amount of any applicable policy deductibles, aggregates, depreciation and/or any other limitations contained within the Policy. Further, any award to the Plaintiff must be offset by all payments and credits available by reason of settlement, contributions, or payment by any other insurer or third parties. Ocean Harbor further pleads that it is entitled to an offset or credit for amounts paid pursuant to any other policy covering the Plaintiff's Property.

**TWENTY-EIGHTH DEFENSE**

To the extent that monies recoverable under Plaintiff's Policy are payable to a mortgagee or other third party, Ocean Harbor is entitled to a set-off for any amounts paid to the mortgagee or third party and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the mortgagee or third party, to the extent of the mortgagee's or third party's interest.

135927979.1

**TWENTY-NINTH DEFENSE**

To the extent that Ocean Harbor has made any payments to which the Plaintiff is not entitled, Ocean Harbor reserves and asserts its rights to recover those amounts by reconvention or counterclaim.

**THIRTIETH DEFENSE**

Ocean Harbor contends that there is no cause of action for the claims asserted herein; however, should this Honorable Court find any negligence and/or fault on the part of Ocean Harbor, which is specifically denied, then Ocean Harbor avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solidarily liable with the other party or non-party, apply here.

**THIRTY-FIRST DEFENSE**

Plaintiff is responsible for reading his Policy, as well as any renewal notices, and he is presumed to know the provisions of his Policy, including the insurer's limits of liability, and he may not avail himself of ignorance of the Policy or law.

**THIRTY-SECOND DEFENSE**

Due to the early stages of this litigation, all facts necessary to assert affirmative defenses are not known at this time. Ocean Harbor reserves the right to assert additional affirmative defenses as additional facts become known.

**WHEREFORE,** Defendant, Ocean Harbor Casualty Insurance Company, prays that this Answer be deemed good and sufficient, and that, after all due proceedings are had, Plaintiff's lawsuit be dismissed with prejudice, at Plaintiff's costs, expenses, and fees, and for all other, general and equitable relief to which Ocean Harbor may be entitled.

**Signed this 6th day of February 2024.**

                                            Respectfully submitted:

                                            **LEWIS BRISBOIS BISGAARD & SMITH, LLP**

                                            */s/ James W. Hailey, III*
                                            ☑ JAMES W. HAILEY, III (23111)
                                            ☐ LENA D. GIANGROSSO (31464)
                                            ☐ CARLEY FAUCHEUX (37676)
                                            ☐ RYAN T. DAHLQUIST (40116)
                                            ☐ ANTONIO J. TORRES (40532)
                                            ☐ ERICA L. LAROUX (40622)
                                            400 Poydras Street, Suite 1300
                                            New Orleans, Louisiana 70130
                                            P: 504-322-4100 | F: 504-754-7569
                                            EM: James.Hailey@LewisBrisbois.com
                                                     Lena.Giangrosso@LewisBrisbois.com
                                                     Carley.Faucheux@LewisBrisbois.com
                                                     Antonio.Torres@LewisBrisbois.com
                                                     Ryan.Dahlquist@LewisBrisbois.com
                                                     Erica.Laroux@LewisBrisbois.com